1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT
7           WESTERN DISTRICT OF WASHINGTON

8

JOHN DOE

9
        Plaintiff(s),

10
        v.

11

SEATREE PLLC, is a corporation organized
12  under the laws of the State of Washington,
    said corporation further registered as a
13  Professional Limited Liability Company
    (Pllc) with the Washington Secretary of
14  State,

15  JAMES J. NAMIKI, in his  official and
    individual Capacities, is a Lawyer Licensed
16  by the States of WA and Oregon,

17  KING COUNTY, WA is a County of the
    State of WA within the Judicial District of
18  Western Washington acting by-and-through

19     Jane Doe Employees, Officers, Officials,
          or and/or

20     Jane Doe Private Parties in Joint Action
          with the County of King, WA,

21

22           Defendant(s).

23

24

JURY TRIAL DEMANDED

CASE NO. _____
[to be filled in by Clerk's Office]

COMPLAINT FOR A CIVIL CASE

Jury Trial: ☒ Yes   ☐ No

COMPLAINT FOR A CIVIL CASE - 1

**COMPLAINT**

    Plaintiff John Doe, for its complaint against Seatree-Pllc, Lawyer-Namiki-in-His-Individual-Capacity, and Defendant King County, Washington, states as follows:

**INTRODUCTION**

    1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. § 1983 against King County, WA acting by-and-through (a) its Jane Doe Officials Officers, and Employees and/or (b) its Jane Doe Private Parties in Joint Action with King County sufficient to act as King County with King County's official polices, practices, procedures, and/or longstanding-customs (hereinafter, "Official Conventions") having Deprived John Doe of the following "Rights, Privileges, Or Immunities Secured By The Constitution Or Laws Of The United States":

    (a) John Doe's constitutionally guaranteed Immunity from lawsuit absent a case or controversy between lawyer Namiki, **in his individual capacity** and John Doe, where King County's Official Conventions provided the means through which Namiki was able to procure, and by Fraud via Concealment, a currently $402,817.68 "Final Judgment" -- in rabbit ear quotations -- in that it is currently being **argued invalid for want of jurisdiction** in at least 3 ongoing **Interlocutory Appeals**[1] because jurisdiction over all matters transferred to the Court of Appeals Div. I WA upon John Doe's 20-Mar-2017 Notice of Appeal, but King County's Official *Administrative* Conventions were such that they caused a 21-Apr-2017 "Summary Judgment" and thereafter a 17-May-2017 "Final Judgment", both dates of which were when King County Trial ("superior") Court had no jurisdiction over the matters.  Most importantly, these two invalid judgments were rendered in a lawsuit where there is absolutely no authenticated, relevant, or admissible documentary evidence of any legal relation whatsoever between Lawyer Namiki, **in his individual capacity**, and John Doe.  John Doe alleges that the actual legal relationship was between John Doe as Client and Seatree Pllc practicing law and providing legal representation

---

[1] (all of which argue that the purely administrative non-judge commissioner which WA state let decide substantive, complex and important legal motions of John Doe and his legal representation, render the final judgment invalid for a variety of legal errors (which should have been expected when letting a purely administrative non-judge commissioner render judicial decisions on commercial structures built to protect the confidences of some the world's most important investments))

COMPLAINT FOR A CIVIL CASE - 2

for John Doe,[2] with Seatree Pllc practicing law and providing its client John Doe with legal services by-and-through lawyer James J. Namiki.  Lawyer Namiki intentionally excluded Seatree Pllc from the lawsuit below, and alleged that his individual-capacity legal services -- previously provided to Seatree Pllc as the means whereby it practiced law in WA and/or OR, thereby enabling Lawyer Namiki to lay claim to double recovery for his independent-capacity legal services.  John Doe alleges that by concealing from the Trial Court that Seatree Pllc had already invoiced all months of lawyer Namiki's individual-capacity legal services through Seatree Pllc, Lawyer Namiki enabled himself to allege individual-capacity legal services as having been rendered to John Doe when in fact they had already been invoiced as and rendered through Seatree Pllc's practice of law.  King County's Official Conventions provided the means through which lawyer Namiki, **in-his-induvial-capacity** -- a <u>party with no standing to sue</u> in that <u>he asserts legal harms suffered by another</u> (Seatree Pllc, of which Namiki is ***a member***) <u>as well as belonging to another</u> (Seatree Pllc, which all documentary evidence shows was in legal privity with John Doe) -- in the underlying lawsuit provided the means through which lawyer Namiki was able to obtain a judgment but without ever even meeting his initial burden to establish a *prima facie* case, by *prima facie* evidence, of standing, whereby King County deprived John Doe of his Immunity secured by Art. III, S 1, Clause 1 of the United States Constitution;

(b) John Doe's constitutionally guaranteed right to Notice and Opportunity for a Hearing ***<u>BEFORE</u>*** a Writ of Garnishment was issued against John Doe's property and upon the application of another (Namiki's legal representation) for the benefit of a private party (lawyer James Namiki), whereby King County's Official Conventions provided the means through which Namiki's legal representation acted as King County Judge in the legal proceedings where lawyer Namiki was issued four (4) Writs of Garnishment against the property of John Doe whereby King County deprived John Doe of his  rights of Procedural Due Process under at least the 5th and 14th Amendments of the United States Constitution;

---

[2]  We are stressing that a Pllc practices law as a separate legal entity from its members because by intentional concealment/obscuration of these purely legal points Seatree Pllc and lawyer James J. Namiki, who manages Seatree Pllc, was able to allege individual capacity legal services rendered to John Doe but which had already been rendered, and thereafter invoiced through Seatree Pllc; by concealing Seatree Pllc lawyer Namiki has thus far successfully attempted to get paid twice for the same time by such concealment/misrepresentation of Seatree Pllc.

COMPLAINT FOR A CIVIL CASE - 3

(c) John Doe's constitutionally guaranteed right to be free of "unreasonable ... seizure", whereby King County's Official Conventions provided the means through which Namiki's legal representation acted as the executive branch of King County (e.g., King County Sherriff) to execute on Writs of Garnishment invalid as a matter of law for want of procedural due process in their obtainment,  and with __*no*__ procedural safeguards or checkpoints whatsoever, whereby King County deprived John Doe of his constitutionally guaranteed rights against unreasonable seizures without valid legal authority provided by the 4th (no seizure without written permission of a court of law prior to the seizure; "what a State may not constitutionally bring about by means of a criminal statute is likewise beyond the reach of its civil law"), the 5th amendment, as well as the 14th amendment's incorporation of the 4th and 5th amendment rights as well as the procedural due process of the 14th amendment itself.

## A.  PARTIES

2.  Information on Parties:

(a) 1st-Defendant Seatree Pllc is a corporation organized under the laws of the State of Washington, said corporation further registered as a Professional Limited Liability Company (Pllc) with the Washington Secretary of State, and believed to have its principal places of business in or around Renton WA and/or Portland, Oregon ("1st-Defendant-Seatree-Pllc");

(b) 2nd-Defendant James J. Namiki, An Individual, ("2nd-Defendant-Namiki-in-His-Individual-Capacity"), is a Lawyer Licensed by the States of WA and Oregon and believed to reside in or around Renton WA;

(c) 3rd-Defendant King County, ("3rd-Defendant-King-County") is a County of the State of WA within the Judicial District of Western Washington; and

(d) John Doe is a legal entity having his principal places of business in Tacoma and Seattle WA.

## B. JURISDICTION AND VENUE

3. This is a civil action arising under the laws and Constitution of the United States including at least 42 U.S.C. § 1983; Art. III, S 1, Clause I (justiciable controversy); Art. III

COMPLAINT FOR A CIVIL CASE - 4

(structural; right to an actual judge) and/or; the 1st, 4th, 5th, and 14th Amendments to the United States Constitution.  Thus, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 -- Federal Question Jurisdiction.

4. The Judicial District of Western Washington is a proper venue because:

(a) 1st-Defendant Seatree Pllc is a corporation organized under the laws of the State of Washington, said corporation further registered as a Professional Limited Liability Company (Pllc) with the Washington Secretary of State, and believed to have its principal places of business in or around Renton, WA and/or Portland, Oregon ("1st-Defendant-Seatree-Pllc");

(b) 2nd-Defendant James J. Namiki, An Individual, ("2nd-Defendant-Namiki-in-His-Individual-Capacity"), is a Lawyer Licensed by the States of WA and Oregon and believed to reside in or around Renton, WA and/or Portland, Oregon;

(a) 3rd-Defendant King County, ("3rd-Defendant-King-County") is a County of the State of WA within the Judicial District of Western Washington; and

(a) Plaintiff John Doe is a legal entity having his commercial bank accounts in Tacoma, WA.

5.  Divisional Venue is in the Tacoma Division because significant amount of the events leading to the claim for relief arose in Pierce County; specifically, John Doe's main commercial bank account which was seized without Notice or Opportunity for Hearing by virtue of King County's Conventions such that lawyer Namiki was able to effect the seizure via direct access of first King County's JUDICIAL Power, and thereafter King County's EXECUTIVE Branch Power by virtue of an unchallenged declaration of lawyer Namiki's legal representation and a minimal fee.

C.  **BACKGROUND**:  LAW AND FACTS APPLICABLE TO ALL FEDERAL CAUSES AGAINST ALL DEFENDANTS

6.  An absolutely critical facet of this lawsuit is understanding what a Pllc is and how it takes action.

7.  A Pllc is a separate legal entity from its members and actually practices a regulated profession such as law. How does it practice law? By and through its members.

8.  That is, a fundamental precept underlying this case is that _a Pllc_ (e.g., Seatree Pllc) is _a separate legal entity_ from its members (e.g., WA and OR lawyer Namiki), _see_ RCW 25.15.071(3), that _practices law by and through its members_ (e.g., one or more individual legal persons separate and distinct form the Pllc, such as lawyer James J. Namiki registered in WA and OR), such _practice of law of the Pllc by and through its members_ further described in the RCW:

(1) No **limited liability company** formed under this chapter may render professional services **except through a person or persons who are duly licensed or otherwise legally authorized to render such professional services** within this state. However, this chapter **does** not:

(a) _Prohibit **a person duly licensed** or otherwise legally authorized **to render professional services in** any jurisdiction other than this state_ from _becoming a **member of a professional limited liability company formed in this state for the purpose of rendering the same professional services**_; or

(b) _Prohibit **a professional limited liability company** from **rendering services outside this state through individuals who are not duly licensed** or otherwise legally authorized **to render professional services within this state**_.

_See_ RCW 25.15.048 -- Professional limited liability company—Licensing.

9.  So how a Pllc functions looks a lot like an amoeba with the Pllc forming the fluid outer membrane by which the Pllc may practice law in multiple jurisdictions by and through the members of the Pllc that are duly licensed in any jurisdiction in which the Pllc practices (e.g., to use the language of the RCW _**through individual duly licensed members in this or any other state in which the Pllc is rendering professional services**_).  Following is an illustration of the states of Washington and Oregon with an amoeba spanning into both Washington and Oregon

but practicing law in Oregon only by and through its members licensed in Oregon and practicing law in Washington only by and through its members licensed in Washington.

5.   John Doe alleges that Seatree Pllc practiced law in the Tax Years 2013-2015, and provided legal services to its Client John Doe, by-and-through the individual-capacity legal service times of Seatree Pllc's member WA and Oregon lawyer James J. Namiki.

6.   John Doe alleges that for part of the times (e.g., prior to 01/21/2015 when lawyer Namiki first became admitted to practice law in WA State) covered by this lawsuit Seatree Pllc <u>must have</u> practiced law in Oregon by-and-through the individual-capacity legal service times of Namiki via his Oregon bar license, but subsequent thereto, via lawyer Namiki's newly-minted WA State bar license issued on 01/21/2015 practiced in either jurisdiction, but again by-and-through the individual-capacity legal service times of lawyer Namiki.

7.   Thus, John Doe alleges that that for all times covered by this lawsuit Seatree Pllc provided legal services to its Client John Doe by-and-through WA-and-OR-lawyer James J. Namiki providing his individual-capacity legal service times to Seatree Pllc.

8.   John Doe alleges that during a time period spanning 09-Sept-2017 until 19-Jan-2017 a fee dispute arose regarding the value of Seatree Pllc's legal services -- provided by and through its member-lawyer James J. Namiki -- to its client John Doe for lawyer Namiki's time on or before 31-Aug-2017.

9.   John Doe alleges the dispute was over the value of Seatree Pllc Legal Services as alleged in Seatree Pllc invoices of June, July, and August 2015.  John Doe alleges the legal services had negative value for John Doe (i.e., as related herein, their cost to to John Doe was very high, but their value nil) that John Doe generously offered Seatree Pllc $0.30 on the dollar.

10.  Seatree Pllc, communicating by and through its member James Namiki, rejected that offer near the end of September 2015.

11.  John Doe alleges that on 19-Jan-2016  lawyer Namiki filed a lawsuit in the trial court ("superior court") of King County, WA <u>alleging</u> that <u>he had suffered **individual-capacity**</u> harms <u>for the Seatree Pllc invoices in dispute</u> and <u>**further alleged such harms flowed from**</u> <u>**individual-capacity legal services**</u> delivered to John Doe prior to 09-Sept-2015.  <u>John Doe</u> <u>further alleges</u> that that (I) <u>John Doe had already paid</u> <u>Seatree</u> Pllc <u>**$688,766.14**</u> <u>for its legal</u>

COMPLAINT FOR A CIVIL CASE - 7

services provided by-and-through the **individual-capacity legal services** which WA-and-OR Lawyer James J. Namiki rendered to Seatree Pllc, and (ii) that Lawyer Namiki owed attorney-client duties to John Doe through Seatree Pllc, and (iii) in that lawyer Namiki had access to John Doe's sensitive data via Seatree Pllc's practice of law by-and-through its lawyer Namiki for all times during Tax Years 2013-2015.

12.   John Doe alleges the non-disclosure of the evidence of Seatree Pllc known to or in the possession of lawyer Namiki was a calculated efficient breach of his RPC 3.3 Duty of Candor to the Tribunal **so as to hide his lack of standing/lack of being a Real Party in Interest (RPI)**.

13.   John Doe alleges that on 17-Oct-2016 lawyer Namiki obtained an Order on [Lawyer Namiki's] Motion to Compel that purports to compel John Doe, and other lawyers representing John Doe, to deliver to lawyer Namiki attorney-client privileged materials belonging to John Doe *-- a former client of Namiki's Law Firm Seatree Pllc and to which Seatree Pllc had provided legal services by-and-through Lawyer Namiki --* **but to which John Doe attorney-client privileged materials lawyer Namiki had never been provided authorized access**, and ***thus with said 17-Oct-2016 Order in MAXIMUM conflict with lawyer Namiki's attorney-client duties owed John Doe through Seatree Pllc***.

14.   Attorney-Client duties owed -- through Seatree, Pllc's previous legal representative of John Doe -- a duty to  "to **prevent** the **inadvertent** or **unauthorized disclosure of**, or **unauthorized access to**, information **relating to the representation of a client**."  Further while lawyer Namiki had  RPC 1.6(c) duties "to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of" John Doe.[3]

15.   To be clear, on 17-Oct-2016, and to obtain a leveraging position against a former client whom he had decided to sue -- John Doe -- lawyer Namiki obtained an Order that COMPELLED John Doe and Lawyers holding attorney-client privileged materials belonging to John Doe, **and critically to which lawyer Namiki had never been provided authorized access -- to deliver over to Lawyer Namiki said attorney-client materials belonging to John Doe, to which lawyer Namiki owed/owes attorney-client duties through Seatree Pllc's legal representation**

---

[3] Seatree Pllc had provided legal services by-and-through its manager/member/employee WA which Oregon Lawyer James J. Namiki for all times covered by this lawsuit,

COMPLAINT FOR A CIVIL CASE - 8

**of John Doe.**

16.   Thus, the 17-Oct-2016 was/is in DIRECT CONTRAVENTION to lawyer Namiki's RPC 1.6 Duties "A lawyer <u>shall</u> make reasonable efforts to prevent <u>*the inadvertent*</u> or <u>*unauthorized disclosure*</u> of, or <u>*unauthorized access to*</u>, information relating to the representation of a client." **That is, lawyer Namiki was not acting to *prevent* the unauthorized disclosure, he was acting to COMPEL IT.**

17.   And lawyer Namiki did so with full knowledge that the volume of the documents made it impossible for John Doe, and the Five (5) Lawyers representing him, to attempt to comply with the order without violating <u>*their*</u> attorney-client 1.6(c) duties to their client John Doe.

18.   Given his affirmative duties, <u>lawyer Namiki should have moved to amend the Order such that it only read on attorney-client privileged materials for which lawyer Namiki previously had been given authorized access, i.e., those legal matters of John Doe upon which lawyer Namiki worked when Seatree Pllc provided legal services to its Client John Doe by-and-through Lawyer Namiki (i.e., for all times covered by this lawsuit).</u>

19.   But he did not.

20.   **Instead of Moving to Amend** the 17-Oct-2016 <u>Hobson's Choice Order</u> **to exclude the attorney-client materials of John Doe**, to which lawyer Namiki had never been provided <u>authorized access,</u>  subsequent to its Issuance on 17-Oct-2016, lawyer-Namiki thereafter **Doubled-Down On lawyer-Namiki's Breaches of his RPC Duties** (e.g., RPC 3.3 Duty of Candor to the Tribunal, RPC 1.9 Duties to Former Clients, and RPC 1.6 Confidentiality, most especially RPC 1.6(c)), **moving for and subsequently Obtaining 1st , 2nd, and Ultimately 3rd Rule 11 Sanction Orders against John Doe and on** 07-Mar-2017 obtained a <u>3rd Sanctions</u> Order **Having "Deemed Found" Facts Rendering Impossible All Defendants' Defenses,** and as a <u>punitive measure</u> **against John Doe**, **and his lawyers**, for defending John Doe's attorney-client privileged information from **attack by/unauthorized disclosure to lawyer Namiki who owed and owes attorney-client duties to John Doe** through Seatree Pllc's provision of legal services, for all times covered by this lawsuit, by-and-through Lawyer Namiki.

# COUNT I

### *42 USC S 1983 Against King County Whose Official Conventions <u>Have Deprived John Doe of His Immunities Under</u> Art. III, S 1, Clause I (justiciable controversy)*

21.  Plaintiff re-alleges and incorporates by reference paragraphs 20

22.  Law And Facts Establishing That King County Deprived John Doe Of One Or More "Rights, Privileges, Or Immunities Secured By The Constitution Or Laws Of The United States" (E.G., Immunity From Suit Absent Actual Case Or Controversy Between Parties)."

23.  John Doe alleges he duly appealed under RAP 2.2(a)3 because the deemed found facts effectively terminated all his defenses.

24.  John Doe alleges that on 25 April 2017 a non judge commissioner at the Washington Court of Appeals Division 1 wrongfully converted the notice of appeal to a notice of discretionary review but without notice and opportunity for a hearing prior to said wrongful conversion.

25.  An Occurrence so common that the Washington State Bar Association (WSBA") Appellate Deskbook has an entire section warning of the occurrence.

26.  By failing to provide procedural safeguards to ensure the non judge commissioner had not wrongfully converted what was properly a notice of appeal, King County's lack of procedural safeguards caused (a) first a summary judgment on the deemed found facts which gave rise to the notice of appeal as a matter of right, and (b) when King County was in the best position to know that jurisdiction on all matters was in the appeals court by virtue of the 20 - March - 2017 notice of appeal from The Trial Court's third sanctions order.

COMPLAINT FOR A CIVIL CASE - 10

1

2

**COUNT II**

3

*42 U.S.C. S 1983 Against King County Whose Official Conventions  Deprived John Doe*

4

*of Al Least His 5ᵗʰ, and 14th Amendment Due Process Rights to Notice and A Hearing*

5

*BEFORE Four (4) Writs of Garnishment Were Issued Against His Assets By Allowing Lawyer*

6

*Namiki -- Through His Legal Representation -- to Act as Judge of King County in the Writs*

*Obtainment*

7

27.  Plaintiff re-alleges and incorporates by reference paragraphs 20.

8

28.  * J2  Plaintiff has a 42 USC S 1983 Claim Against  King County Whose Official

9

Conventions Have Directly and Foreseeably Deprived Plaintiff of His 14th Amendment Due

10

Process Rights to *__Notice__* and *__A Hearing__* *__Before__* Writs of Garnishment against John Doe's

11

property by allowing lawyer Namiki to exercise King County's judicial power merely by filing a

12

form and paying a minimal fee, said King County Official Conventions providing the means

13

whereby lawyer Namiki issued to his self Writs of Garnishment against two non-public specific

14

bank accounts of John Doe, and of which lawyer Namiki was only aware due to John Doe's

15

payment of Seatree Pllc for its practice of law, by-and-through WA and Oregon lawyer James

16

Namiki for all times during which lawyer Namiki has falsely attested he provided those

17

individual capacity legal services to John Doe, and further while John Doe's argument to the WA

Supreme Court to set aside the judgement upon which lawyer Namiki issued to his self the Writs

of Garnishment was being argued in real time.

18

The Evidence Will Show that at the very same time that  Counsel for John Doe was before

19

the WA Supreme Court demonstrating that lawyer Namiki had at all time lacked standing to sue

20

John Doe, and had only been able to file and then maintain his lawsuit against John Doe by

21

initial and ever escalating breaches of attorney-client duties owed John Doe through Seatree

22

Pllc's practice of law and provision of legal services to John Doe by-and-through lawyer Namiki

at all times covered by this lawsuit, the Policies/Procedures/Practices/ Longstanding Customs of

23

King County were such that lawyer Namiki was able to obtain Writs of Garnishment but with

NO NOTICE NOR OPPORTUNITY FOR HEARING, EVER, *and solely upon the*

24

*__unchallenged factual statements of lawyer Namiki's legal representation__*.

29.   Specifically, the evidence will show that the Local Rules of King County adopt no procedures to provide the minimal due process guaranteed by the 14th Amendment of the US Constitution .

30.   *__If they had enacted such procedural checkpoints__*, the *__fact that John Doe then had ongoing Four (4) active appeals in the Court of Appeals, three of which are now before the Supreme Court, seeking to void the Order would have been detected, and the Writs of Garnishment not issued in that the validity of that Final Judgement had/has long been hotly contested in that Jurisdiction transferred to the Court of Appeals 20-Mar-2017 and all  trial court proceedings thereafter are due to legal errors, and then self-dealing of a non-judge commissioner deciding the substantive legal issues in John Doe's Washing  State Court Appeals__*.

        a.   Instead, the evidence will show that in practice, while Writs of Garnishment are issued in the name of a judge, as in John Doe's case, the longstanding practice of King County is for the Court Clerk of King County to just pro-forma issue these Writs upon the filing of a form and payment of a fee.

        b.   The evidence will show that this longstanding Custom of King County allowed lawyer Namiki, which all objective evidence shows consciously executed an efficient breach of his RPC attorney-client duties owed John Doe for private gain, to first file and thereafter maintain this lawsuit which all documentary evidence shows as fraudulent, and to thereafter exercise first the judicial power (i.e., the statutes say the clerk issues the Writ of Garnishment, but bears no responsibility for it, which means the lawyer applying must be exercising the Judicial Power of King County) to issue to his self a Writ of Garnishment in his behalf and with NO NOTICE nor OPPORTUNITY for a hearing before the Writs of Garnishment issued.

        c.   And thereby deprive John Doe of his US Constitutional right to Notice and an Opportunity to be heard *__PRIOR TO__* the issuance of the Writs of Garnishment.

COMPLAINT FOR A CIVIL CASE - 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

### COUNT III

*42 USC S 1983 Against King County Whose Official Conventions <u>Deprived John Doe of His 4th, 5th, and 14th Amendment Rights By Allowing Lawyer Namiki -- Through His Legal Representation -- to Act as Sheriff of King County in their Execution</u>*

31.  Plaintiff re-alleges and incorporates by reference paragraphs 20.

32.  John Doe has a 42 U.S.C. S 1983 Claim Against  King County Whose Official Policies, Procedures, Practices, And/Or Longstanding Customs Have Directly and Foreseeably Deprived Plaintiff of His 14th Amendment Due Process Rights to ***<u>Notice</u>*** and ***<u>A Hearing</u>*** ***<u>Before</u>*** Property is ***<u>Seized</u>*** said King County policies/procedures/practices <u>providing the means through which Lawyer Namiki was able to directly</u> exercise the Executive Branch Power (e.g., King County Sheriff) of King County to <u>seize $810,000 of John Doe' commercial funds</u> ***<u>but while the hearing as to whether such funds should be seized was (and is) still ongoing</u>***.

33.  And worse, as discussed above, said policies/procedures/practices/customs of King County ***<u>allowing said seizure based on Writs of Garnishment that lawyer Namiki issued on his own behalf as the Judicial Power of King County on the unchallenged factual assertions of his legal representation</u>*** **and** ***<u>to his DIRECT benefit in his ongoing fraud and RPC-breach based litigation against John Doe, to whom all documentary evidence shows attorney -client duties to John Doe through Seatree Pllc's Tax Year 2013, 2014, and 2015 practice of law in its representation of John Doe, where Seatree Pllc's practice of law was by-and-through lawyer Namiki</u>***.

34.  On Monday, 26-Jun-2017 John Doe learned that $810,000 of his operating funds had disappeared.

35.  At the time of the seizure, John Doe was and currently still is, before the Supreme Court of WA demonstrating that lawyer Namiki's claim against him was founded upon breach of lawyer-Namiki's attorney duties owed to a former client of Lawyer Namiki's law firm, Seatree Pllc, which is John Doe.

COMPLAINT FOR A CIVIL CASE - 14

36. And it was in this context, where King County's Official Policies, Procedures, Practices, And/Or Longstanding Customs had ALREADY directly and foreseeably deprived John Doe of His 14th Amendment Due Process Right to _**Notice**_ and _**A Hearing Before**_ Four (4) Writs of Garnishment against his property issued, that lawyer Namiki was thereafter able to execute to _**Seize**_ -- via Direct Access, and with no hearing before a Judge or Magistrate as required by the 4th Amendment, John Doe's property via lawyer Namiki's legal representation directly exercising the Executive Branch (e.g., Sherriff's Power of King County); that is, acting as the Sheriff of King County whereby the Sheriff's Power of King County was used to **seize $810,000 of John Doe property and while the hearing as to whether the trial court judgment was at all times  invalid as obtained with no valid jurisdiction whatsoever, and as a result mistakes of law by the non -judge commissioner allowed to make judicial decisions in John Doe's complex appellate matters, and further with lawyer Namiki's entire lawsuit in breach of virtually every RPC attorney-client duty resulting in fraud on the trial court by which lawyer Namiki was able to conceal his absolute lack of standing/Real Party Interest status.**

37.  As discussed, King County is at fault for not first providing procedures to ensure that John Doe was provided for Notice and Opportunity for a Hearing _**BEFORE**_ a lawyer willing to breach every ethical rule issue to his self Writs of Garnishment.

     **a**.  But King County is even further at fault, and even more the direct and proximate cause for having formal policies and longstanding practices and customs which allowed lawyer Namiki's legal representation, to exercise the Sheriff Power of King County directly upon lawyer Namiki's behalf and with no procedural checkpoints in place to execute Four Writs of Garnishment Invalid as a Matter of law for the reasons discussed herein.

     **b**.  ..Which means that, in addition to the Judicial Power of King County being self-exercised by Namiki with no Notice or Opportunity for hearing, thereafter the Executive Branch (e.g., Sherriff's Power) was directly accessed on his behalf without any provided check-points whatsoever.

     **c**.  This means that King County's procedures and long-standing customs are the direct and proximate cause of Namiki's legal representation being able to act as the King County Sheriff to exercise the full, awesome, and unrestrained King County Sherriff Power to seize

COMPLAINT FOR A CIVIL CASE - 15

$810,000 of funds belonging to John Doe, which the evidence shows was done using non-public information only known to lawyer Namiki through Seatree Pllc's attorney-client relationship with John Doe, with Seatree Pllc at all times practicing law by-and-through the individual-capacity lawyer services time that WA and OR lawyer James J. Namiki rendered to Seatree Pllc.

### COUNT IV

### *Supplemental Jurisdiction Claims Under 28 U.S.C. S 1367*

38.  Plaintiff re-alleges and incorporates by reference paragraphs 20.

39.  Based on those re-alleged facts and other facts shown above, John Doe alleges fraud by non-disclosure claims against first defendant Seatree Pllc and second defendant lawyer Namiki in his individual capacity's repeated access of the trial court -- King County's -- County power to First pull John Doe into the court, and upon suppression/misrepresentation of evidence at all time known to him or in his possession that lawyer Namiki, **in his individual capacity, has no standing as a matter of law,** and thereafter multiple times abused John Doe through lawyer Namiki's access of King County's Governmental power achieved only through intentional concealment and omission of Seatree Pllc which would have at all times showed lawyer Namiki's lack of standing to access said King County governmental power.

40.  Based on those re-alleged facts and other facts shown above, John Doe alleges fraud by non-disclosure claims against first defendant Seatree Pllc and second defendant lawyer Namiki  in his individual capacity for concealing, misrepresenting, and generally failing to disclose that the evidence known to and or in his possession at all times that all of his individual capacity Legal Services had been rendered to see tree Pllc for all times covered by this lawsuit so that Seatree Pllc could practice law and provide Legal Services to its client John Doe by and through Washington and Oregon lawyer James J Namiki.

### D. INJURIES AND HARMS

41.  As a direct and proximate cause of Defendant King County's conduct and deliberate indifferences John Doe has suffered the following qualitative Injuries and Harms:

**a**. Loss of business advantage;

**b**. Loss of revenue;

**c**. Loss of clients;

**d**. Loss of income;

**e**. Loss via payment of attorneys' fees defending lawsuit;

**f**. Loss of reputation;

**g**. Loss of revenue generating capacity;

**h**. Loss privacy;

**i**. Loss of security through obscurity; and

**j**. Loss of security through obscurity; and

## E.  PRAYER FOR RELIEF

42.  WHEREFORE, John Doe respectfully requests this Court:

a. **Regarding 3rd Defendant King County:**

i.  Enter judgment in favor of John Doe and against Defendant King County;

ii.  Enter an order declaring Defendant King County as depriving John Doe and his lawyers all constitutional rights and while displaying deliberate indifference to those rights;

iii.  Award John Doe compensatory monetary damages against Defendant King County;

iv.  Award Joe Doe's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

v.  Enter a permanent injunction, upon proper motion, requiring Defendant County of King to adopt appropriate safeguards to guard against administrative errors of non-judges wrongfully converting Notices of Appeals to Notices of Discretionary Review <u>and without reading them</u>, a <u>repetitive problem so notorious</u> that the WSBA Appellate Deskbook has strident warnings on this very topic, adopt appropriate safeguards to provide Notice and Opportunity for a hearing **_BEFORE_** it issues its Writs of Garnishment against property, adopt appropriate safeguards to Guard against unrestrained access of the Sherriff's power, etc. its exercise of King County Sherriff's power in executing on writs of garnishment, as well as its administrative

COMPLAINT FOR A CIVIL CASE - 17

policies and regarding due process on substantive legal motions; and

      vi.  Grant to John Doe such other and further relief against 3rd-Defendant King County as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

     a.  **Regarding 1st-Defendant Seatree Pllc and 2nd Defendant James J. Namiki, an Individual:**

      i. Enter judgment in favor of John Doe and against 1st-Defendant-Seatree Pllc and 2nd-Defendant James Namiki, an Individual;

      ii.  Enter an order declaring that 1st-Defendant-Seatree Pllc and that 2nd-Defendant James Namiki conspired to commit Abuse of Process via the entire underlying WA State lawsuit;

      iii.  Enter an order declaring that 1st-Defendant-Seatree Pllc and that 2nd-Defendant James Namiki conspired to commit Fraud by Concealment by which they at all times maintained the entire underlying WA State lawsuit;

      iv.  Award John Doe compensatory monetary damages against 1st-Defendant-Seatree Pllc and 2nd-Defendant James Namiki, an Individual;

      v.  Award Joe Doe's counsel reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

      vi.  Grant to John Doe such other and further relief against 1st-Defendant-Seatree Pllc and 2nd-Defendant James Namiki, an Individual as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

John Doe demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully Submitted,

COMPLAINT FOR A CIVIL CASE - 18

By: /s  Dale R. Cook
Dale R. Cook WSBA #31,634
Law Offices of Dale Cook PLLC
3723 N. 34th Street
Tacoma, WA 98407
Telephone:  425-605-7036
Fax:  (253) 272-0386
E-mail: dalecook_lawoffices@nym.hush.com
Lawyer for Plaintiff John Doe

COMPLAINT FOR A CIVIL CASE - 19