UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN DOE,

        Plaintiff,

v.

SEATREE PLLC, et al.,

        Defendants.

C17-1572 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    This matter comes before the Court on "Plaintiff's Motion to Enlarge Time to Reply Re: Defendant's CR 12 (b)(6) Motion to Dismiss[,]" docket no. 17 (the "Motion"), filed on November 22, 2017 and noted for December 1, 2017. Plaintiff's Motion is DENIED as follows. Plaintiff seeks an extension of time to file a response to "Defendants James Namiki's and SeaTree PLLC's 12(b)(1) Motion to Dismiss[,]" docket no. 9, "until mid-to-late January." Motion at 3. Plaintiff's response to the motion to dismiss, which was filed on November 9, 2017 and noted for December 1, 2017 was otherwise due on November 27, 2017. *See* Local Civil Rule 7(d)(3). Plaintiff's counsel specifically states that he filed this Motion late "due to a heavily overloaded schedule" but "as soon as he became aware of the need for additional time . . . ." Motion at 3. The rule governing this Motion, Local Civil rule 7(j), states in relevant part:

> A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motions will be granted and must comply with the existing deadline unless the court orders otherwise.

MINUTE ORDER - 1

> If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension.

Plaintiff fails to demonstrate good cause as to why he did not file this straightforward Motion within the timeframe prescribed in Rule 7(j). Plaintiff has not informed the Court why he did not comply with the existing deadline in violation of Rule 7(j) or, alternatively, why he did not confer with opposing counsel in an effort to file a stipulation or pursue a telephonic motion. Nor does Plaintiff establish good cause for granting the requested relief. The motion to dismiss is noncomplex and contains only five pages of argument. Plaintiff has not explained why he needs until January to respond to the motion to dismiss and has failed to meet his burden to show why this extension is necessary. This Motion is DENIED and the Court will treat the pending motion to dismiss as unopposed.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of December, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2