UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ICT LAW AND TECHNOLOGY GROUP, PLLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SEATREE PLLC, JAMES J. NAMIKI, KING COUNTY, and JANE DOES,<br><br>　　　　　　　　Defendants. | C17-1572 TSZ<br><br>MINUTE ORDER |

　　The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

　　(1)　　Plaintiff is ICT Law and Technology Group, PLLC ("Plaintiff" or "ICT"). ICT's sole member-lawyer is Dale Cook. This action arises from a Final Judgment of $402,817.68 entered by King County Superior Court Judge John R. Ruhl on May 17, 2017, against ICT and Mr. Cook and in favor or James Namiki. *See* docket no. 45-1 at 14–17 (the "Final Judgment").[1] Judge Ruhl issued Final Judgment after granting Mr.

---

[1] In deciding a Rule 12(b)(6) motion to dismiss, the Court may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, the complaint relies on the Final Judgment and corresponding pleadings in King County Superior Court Case No. 16-2-01372-4 (the "Underlying Lawsuit") and the authenticity of those pleadings are not in question. Likewise, these pleadings are subject to judicial notice and central to Plaintiff's claims in these actions. The Court may therefore rely on these

MINUTE ORDER - 1

Namiki's motion for summary judgment on his claims against ICT and Mr. Cook for unpaid wages. *See id.* at 8–12 ("Order Granting Plaintiff's Motion for Partial Summary Judgment").

(2) The Complaint in this case asserts three claims under 42 U.S.C. § 1983 against Defendant King County. *See* Complaint at ¶¶ 21–37 (the "1983 Claims"). The 1983 Claims arise out of the alleged wrongful garnishment of funds from Mr. Cook's bank accounts as a result of the Final Judgment. Count I alleges that King County violated Plaintiff's Fourteenth Amendment due process rights by failing to provide certain "procedural safeguards" to ensure that commissioners at the Washington State Court of Appeals do not improperly convert notices of appeal to motions for discretionary review and because King County Superior Court lacked jurisdiction to enter the summary judgment order and Final Judgment. *See* First Complaint at ¶¶ 1, 21–26. Count II asserts that King County violated Plaintiff's Fifth and Fourteenth Amendment due process rights by failing to give notice and a hearing before issuing the writs of garnishment. *See id.* at ¶¶ 1, 27–30. Count III alleges that King County violated Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights by maintaining policies and procedures that allowed the Final Judgment creditors to seize money from Mr. Cook's bank accounts pursuant to the writs of garnishment. *See id.* at ¶¶ 31–37. The First Complaint also asserts a state law fraud claim against Mr. Namiki and Seatree PLLC. *Id.* at ¶¶ 38–40 ("Count IV").

(3) Pending before the Court is King County's motion to dismiss under Rule 12(c), docket no. 44 ("King County's Motion"), and Mr. Namiki and Seatree PLLC's motion to dismiss the state law claims for lack of subject-matter jurisdiction under Rule 12(b)(1) ("Namiki's Motion"). Plaintiff also moves to amend the Complaint, docket no. 29, to add a claim against King County under the Racketeer Influenced and Corrupt Organizations Act (RICO) (the "Motion to Amend").[2]

(4) King County's Motion, docket no. 44, is GRANTED in part and DEFERRED in part, as follows:

> (a) Count I is dismissed with prejudice. Washington Rule of Appellate Procedure 17.7 affords Plaintiff with an adequate remedy to challenge the commissioner's decision and the alleged deprivation of Plaintiff's rights. *Brogan v. San Mateo Cty.*, 901 F.2d 762, 764 (9th Cir. 1990) (affirming dismissal of complaint under 42 U.S.C. § 1983). Additionally, under Washington Rule of

---

documents in deciding any Rule 12(b)(6) motions to dismiss. Copies of the pertinent pleadings are attached to the Declaration of Kimberly Y. Frederick at docket no. 45-1.

[2] ICT also moves for declaratory judgment under 28 U.S.C. § 2201(a), docket no. 73. The Court DENIES this motion. A party may not make a motion for declaratory judgment. *Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma Inc.*, 560 F.3d 935, 943 (9th Cir. 2009).

Appellate Procedure 7.1, the King County Superior Court had jurisdiction to enter the summary judgment order and Final Judgment notwithstanding Plaintiff's Notice of Appeal. For these reasons, Plaintiff's § 1983 claim under this theory must be dismissed.

(b) Count II is DISMISSED with prejudice. Plaintiff does not allege that King County failed to follow the procedural safeguards established in RCW Chapter 6.27. These safeguards mandate that a writ be issued once a judgment creditor applies by affidavit for the writ and the filing fee is paid. RCW 6.27.060, .070. Service of the writ provides the judgment debtor with notice and an opportunity to defend. *Watkins v. Peterson Ents., Inc.*, 137 Wash. 2d 632, 638 (1999).

(c) Count III is DISMISSED without prejudice. Plaintiff has not identified any King County custom, policy, or practice, that caused its alleged constitutional deprivations, *see Monell v. Dep.t of Soc. Serv.*, 436 U.S. 658, 690–91 (1978), and this Court does not have jurisdiction to review the Final Judgment under the *Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

(5) The Namiki Motion, docket no. 44, is also GRANTED. Count IV is DISMISSED without prejudice. The Court DECLINES to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

(6) The Motion to Amend, docket no. 29, is DENIED as futile. The proposed amended complaint identifies only two individuals who purportedly acted on King County's behalf: Judge Inveen and a court clerk. Judge Inveen is absolutely immune from civil liability stemming from the alleged conduct discussed in the proposed amendment because she was acting in her official judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355–64 (1978). Likewise, the clerk is protected by absolute quasi-judicial immunity for her ministerial actions alleged in the proposed amended complaint. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980).

(7) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 1st day of June, 2018.

          William M. McCool
          Clerk

          s/Karen Dews
          Deputy Clerk